UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER KOCHAN,

                 Plaintiff,

          v.

CORI KOWALSKI, *Town of Ellicottville
Police Officer*, DEPUTY WILLIAM J.
HUNT, *County of Cattaraugus Sheriff*, and
UNKNOWN PERSONS,

                 Defendants.

_____

**DECISION AND ORDER**

1:19-CV-00251 EAW

## <u>INTRODUCTION</u>

*Pro se* plaintiff Christopher Kochan ("Plaintiff") has asserted a claim for excessive use of force against defendants Cori Kowalski and William J. Hunt and claims for conspiracy to deny First Amendment rights and First Amendment retaliation against former defendants Lori Pettit Rieman, Jillian Koch, and Mary Reynolds. (Dkt. 2 at 31-38). Each of these defendants moved to dismiss Plaintiff's claims against them. (*See* Dkt. 17 (motion to dismiss by Reynolds and Koch); Dkt. 18 (motion to dismiss by Kowalski); Dkt. 20 (motion to dismiss by Hunt and Rieman)). On December 27, 2019, the Court entered a Decision and Order dismissing Plaintiff's claims against Rieman, Koch, and Reynolds but denying Kowalski's and Hunt's respective requests for dismissal. (Dkt. 41) (the "December 27th D&O"). Kowalski and Hunt thereafter filed their respective Answers to the Amended Complaint, and each asserted a crossclaim against the other for contribution

- 1 -

and/or indemnification.  (Dkt. 42; Dkt. 45).  Kowalski asserted 23 affirmative defenses in his Answer (Dkt. 45) and Hunt asserted 24 affirmative defenses in his Answer (Dkt. 42).

Plaintiff subsequently filed three motions that are now pending before the Court: (1) a motion for reconsideration of the portion of the December 27th D&O dismissing his claims against Rieman, Koch, and Reynolds (Dkt. 46); (2) a motion to strike Hunt's affirmative defenses and dismiss his cross-claim against Kowalski (Dkt. 47); and (3) a motion to strike Kowalski's affirmative defenses and dismiss his cross-claim against Hunt (Dkt. 50).[1]  For the reasons set forth below, the Court denies Plaintiff's motion for reconsideration and grants in part and denies in part his motions to strike and to dismiss.

## FACTUAL BACKGROUND

The factual background of this matter is set forth in detail in the December 27th D&O, familiarity with which is assumed for purposes of this Decision and Order.  To briefly summarize, Plaintiff alleges First Amendment retaliation and conspiracy claims as to Rieman, Koch, and Reynolds based on their submission of complaints to the hosting service for his website, CatCountyCorruption.com.  (Dkt. 41 at 2).  Plaintiff further alleges excessive force claims as to Kowalski and Hunt based on an incident on February 27, 2016, wherein he claims Kowalski (who is a Town of Ellicottville police officer) and Hunt (who is a Cattaraugus County deputy sheriff) engaged in a reckless vehicle chase that ended with

---

[1]     Plaintiff has also denoted his motions as to Hunt and Kowalski as motions to stay. (*See* Dkt. 47; Dkt. 50).  Plaintiff has failed to explain why a stay would be warranted in this case or what the purpose of such a stay would be.  Accordingly, no stay will be entered.

them shooting out Plaintiff's window, violently removing him from his car, and throwing, stomping, and crushing him into the pavement.  (*Id*. at 3-5).

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on February 26, 2019.  (Dkt. 1).  On May 16, 2019, he filed an Amended Complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(A).  (Dkt. 2).   The Amended Complaint is the operative proceeding.

The Court entered the December 27th D&O and dismissed Rieman, Koch, and Reynolds from this action on December 27, 2019.  (Dkt. 41).  Hunt filed his Answer and cross-claim on January 8, 2020.  (Dkt. 42).  Kowalski filed his Answer and cross-claim on January 15, 2020.  (Dkt. 45).

Plaintiff filed his motion for reconsideration and his motion to strike and dismiss as to Hunt on January 28, 2020.  (Dkt. 46; Dkt. 47).  Plaintiff filed his motion to strike and dismiss as to Kowalski on February 3, 2020.  (Dkt. 50).  Kowalski filed his response on February 27, 2020.  (Dkt. 54).  Koch, Reynolds, Hunt, and Rieman filed their responses on February 28, 2020.  (Dkt. 55; Dkt. 56; Dkt. 57).

On March 20, 2020, Plaintiff filed his replies as to the pending motions.  (Dkt. 58; Dkt. 59; Dkt. 60; Dkt. 61; Dkt. 62).  Plaintiff also filed a proposed second amended complaint.  (Dkt. 63).

## DISCUSSION

### I.     Motion for Reconsideration

#### A.     Legal Standard

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013)

- 4 -

(quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)).  "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'"  *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

### B.      Reconsideration is not Warranted

Plaintiff seeks reconsideration of the December 27th D&O on the basis that he should have been permitted to engage in discovery before the Court dismissed his claims against Rieman, Koch, and Reynolds.  (Dkt. 46 at 4-8).  Plaintiff's argument is without merit.

As the Court explained in detail in the December 27th D&O, Plaintiff failed to state a conspiracy claim under 42 U.S.C. § 1985(3) as to Rieman, Koch, or Reynolds, because he did not allege that he belong to a protected class or that these defendants were motivated by class-based animus.  (Dkt. 41 at 12-14).  Plaintiff's motion for reconsideration does not address this claim in any fashion or proffer any argument as to why it was properly pled.  Further, in his reply Plaintiff indicates that he "will not argue as to the cause of conspiracy due to the prevailing law on the subject as it pertains to 'classes.'"  (Dkt. 59 at 3).  Accordingly, there is no basis for reconsideration of the dismissal of this claim.

Turning to Plaintiff's First Amendment retaliation claim, the Court found in the December 27th D&O that Plaintiff had failed to plausibly allege that Rieman, Koch, and/or Reynolds acted under color of state law when they submitted their complaints to Plaintiff's internet hosting service.  (Dkt. 41 at 14-16).  Plaintiff argues that the Court erred in its

conclusion because he set forth these former defendants' "employment location, position and time when the violation took place." (Dkt. 59 at 3-4). Plaintiff contends that "the nature of [the defendants'] actions as public servants . . . controls whether or not they acted under the color of state law" and that the defendants "failed to present any physical evidence in their Motions to Dismiss that alleged Plaintiff had published their private information on his website CatCountyCorruption.com." (*Id.* at 5).

Plaintiff misunderstands the law regarding actions under color of state law. As the Court explained in the December 27th D&O, a defendant's status as a public official does not mean that all of his or her actions are taken under color of state law. (Dkt. 41 at 14-15). Instead, the determinative question is whether a defendant "exercises a power possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law." *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002). Plaintiff has not plausibly alleged that this is the case here. The exhibits to the Amended Complaint contain the complaints made to Plaintiff's internet hosting service, which state as follows in their entirety: "Please remove any reference to Jillian Koch from http://catcountycorruption.com/" (Dkt. 2 at 89); "Please remove any reference to Lori Rieman from catcountycorruption.com" (*id.* at 91); and "Please remove any reference to Mary Reynolds from http://catcountycorruption.com/" (*id.* at 93). As the Court explained in the December 27th D&O, even accepting Plaintiff's allegation that defendants were at work on government property and using government issued equipment when they submitted these complaints, there is nothing in the complaints that "reflects any exercise of power conferred on these defendants by state law." (Dkt. 41 at 15). To the contrary,

there is no indication that the defendants "said or did anything that an ordinary citizen would not have been able to do." *Zherka v. DiFiore*, No. 08-CV-3469 (CS), 2010 WL 11530537, at *5 (S.D.N.Y. Feb. 8, 2010) (dismissing newspaper's First Amendment retaliation claim based on district attorney's complaints), *aff'd*, 412 F. App'x 345 (2d Cir. 2011); *see also Colombo*, 310 F.3d at 117-18 (finding that school superintendent was not acting under color of state law when he threatened to sue the plaintiff if she did not retract statements about him that he alleged were libelous).

Plaintiff's complaint that Koch, Reynolds, and Rieman did not submit evidence to the Court substantiating their complaints in connection with their motions to dismiss is misplaced. A motion to dismiss is concerned solely with the legal sufficiency of the pleadings, and the Court would not have considered any such evidence even had the former defendants submitted it. It is irrelevant for purposes of the instant analysis whether the complaints to Plaintiff's internet hosting service were true or whether they were improperly motivated. The First Amendment does not prohibit state public servants from submitting false complaints to an internet hosting service, unless they improperly invoke the authority of their offices in doing so. Here, Plaintiff has not plausibly alleged that this is the case.

Plaintiff contends that he should have been permitted to obtain discovery before the Court dismissed his claims, relying in part on information set forth in the Court's Pro Se Litigation Guidelines (the "Pro Se Guidelines"). (Dkt. 46 at 6). The Court notes as an initial matter that the Pro Se Guidelines are provided as a courtesy and are not binding rules that create affirmative rights. In any event, the Pro Se Guidelines explain that a defendant may file a motion to dismiss the complaint before filing an answer and that the Court will

generally not schedule a conference pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) until after an answer is filed.  *See* United States District Court for the Western District of New York, Pro Se Litigation Guidelines, available online at https://www.nywd.uscourts.gov/self-help-manual-pro-se-litigation-guidelines.

Moreover, it is well established that discovery is warranted only where a plaintiff's allegations "raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Moreover, while Plaintiff is correct that his *pro se* status entitles him to additional solicitude by the Court, "[l]iberality in interpreting the pleadings 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.'"  *Cross v. State Farm Ins. Co*., No. 3:10-CV-1179, 2011 WL 4916534, at *1 (N.D.N.Y. Oct. 17, 2011) (second and third alterations in original and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  Plaintiff is not entitled to discovery in this case as to his claims against Rieman, Koch, and Reynolds because he has not satisfied the threshold plausibility standard necessary to progress past the initial stage of the proceedings.  The Court understands that Plaintiff disagrees with its assessment of the adequacy of his allegations, but mere disagreement is not a sufficient ground to warrant reconsideration.  *See, e.g., Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 170 (S.D.N.Y. 2014) ("While the defendant disagrees with the Court's decision, that is not a basis for reconsideration.").

Finally, the Court considers whether Plaintiff's proposed second amended complaint (Dkt. 63) remedies these deficiencies and finds that it does not.[2]  Plaintiff's proposed second amended complaints expands on his allegations that Rieman, Koch, and Reynolds were at work when they submitted their respective complaints to his internet hosting service, stating on information and belief that they were in the Cattaraugus County Administration Building, which is a "taxpayer funded building," and they were on duty and using government issued equipment when the complaints were filed.  (Dkt. 63 at 26-29).  These allegations, even accepted as true, do not demonstrate a misuse of state authority by these defendants.  *See Isaacs v. City of New York*, No. 10-CV-4177 NGG RLM, 2012 WL 314870, at *2 (E.D.N.Y. Feb. 1, 2012) (collecting cases holding "on-duty status insufficient to show that an officer acted under color of law"); *Segreto v. Kirschner*, 977 F. Supp. 553, 562 (D. Conn. 1997) (explaining that "[s]tatus as a[n] . . . officer, or conduct occurring at work, is simply not enough" to support a finding of action under color of state law).  Accordingly, the Court will not grant Plaintiff leave to file his proposed second amended complaint, because the proposed amendments are futile.  *See Murdaugh v. City of New York*, No. 10 CIV. 7218 HB, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) ("Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend

---

[2]    Plaintiff did not file a proper motion for leave to file a second amended complaint, but instead merely submitted the proposed second amended complaint in connection with his reply in further support of the motion for reconsideration, stating therein that he would "also provide the court motion for leave to file an amended complaint at attempt [sic] to state clearly and unequivocally, without the need for the court to infer, that Defendants REYNOLDS, KOCH and RIEMAN acted under the color of state law."  (Dkt. 60 at 8).  In light of Plaintiff's *pro se* status, the Court will overlook the procedural defects in his request for leave to amend and consider the substance of the proposed second amended complaint.

complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile."); *see also Lucente v. Int'l Bus. Machines Corp*., 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (citation omitted)).

For all these reasons, the Court denies Plaintiff's motion for reconsideration of the December 27th D&O and any associated request to file a second amended complaint.

## II.   Motions to Strike and Dismiss

### A.   Legal Standard for Motions to Strike

Federal Rule of Civil Procedure 12(f) provides that the Court may strike "from a pleading" any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   The Second Circuit recently clarified the standards for deciding a motion to strike an affirmative defense, explaining that an affirmative defense should be stricken if (1) it is not plausibly pled or (2) "it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims."   *GEOMC Co. v. Calmare Therapeutics Inc*., 918 F.3d 92, 97-98 (2d Cir. 2019).   The Court must further consider whether the inclusion of the affirmative defense will prejudice the plaintiff.   *Id.* at 98-99.   "[M]otions to strike under Rule 12(f) are generally disfavored and granted only if there is strong reason to do so." *Holland v. Chase Bank USA, N.A*., No. 19 CIV. 233 (PAE), __ F. Supp. 3d __, 2020 WL 4340726, at *3 (S.D.N.Y. July 28, 2020) (quotation omitted).

As a threshold matter, the Court notes that Plaintiff has submitted numerous exhibits in support of his motions to strike and argues at length about the merits of Hunt's and Kowalski's affirmative defenses.   However, in deciding a motion to strike, the Court must

make its determination "solely upon the face of pleading."  *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015).  The factual arguments raised by Plaintiff are not ripe for resolution by the Court at this early stage of the proceedings and have no bearing on whether the asserted affirmative defenses should be stricken.

The Court further notes that Plaintiff's motions to strike and dismiss do not comport with the Court's Local Rules of Civil Procedure.  In particular, Local Rule of Civil Procedure 7(a)(2)(C) provides that "[m]emoranda in support of or in opposition to any motion shall not exceed twenty-five (25) pages in length, and reply memoranda shall not exceed ten (10) pages in length."  Here, not counting the tables of contents and authorities, Plaintiff's memoranda of law in support of his motions to strike and dismiss (Dkt. 47; Dkt. 50) are approximately 60 pages and 58 pages, respectively.  Further, his reply in further support of his motion to strike and dismiss as to Hunt (Dkt. 62) is 21 pages long.  While the Court has overlooked this procedural error in light of Plaintiff's *pro se* status, the Court expects that future filings by Plaintiff will comply with the Local Rules and may strike any filings not in compliance.

### B.    Adequacy of Defendants' Affirmative Defenses

As noted above Kowalski has asserted 23 affirmative defenses in his Answer (Dkt. 45) and Hunt has asserted 24 affirmative defenses in his Answer (Dkt. 42).  Plaintiff has moved to strike every one of these affirmative defenses.   For the sake of efficiency, where Defendants' affirmative defense overlap, they are considered together.

### 1. Failure to State a Claim (Hunt's and Kowalski's First Affirmative Defenses)

Hunt and Kowalski both assert as their first affirmative defense that Plaintiff's Amended Complaint fails to state a claim. (Dkt. 42 at 4; Dkt. 45 at 2). These affirmative defenses are improperly asserted to the extent they "seek[] to relitigate the legal sufficiency of claims already decided." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-5075 (LJL), 2020 WL 3472597, at *14 (S.D.N.Y. June 25, 2020). In particular, the Court has already determined that Plaintiff has stated an excessive force claim against Hunt and Kowalski and that determination is the law of the case. However, the Court declines to strike the first affirmative defenses in their entireties because as a general rule "a failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 432 (S.D.N.Y. 2010).

### 2. Statute of Limitations (Hunt's and Kowalski's Second Affirmative Defenses

Hunt and Kowalski have both asserted the statute of limitations as a second affirmative defense. (Dkt. 42 at 4; Dkt. 45 at 2). Hunt has explained that this defense was included to account for the possibility that "plaintiff may later attempt to argue that he has asserted state-law tort claims in connection with the same incident, or claim that his amended complaint asserts claims related to the other events commencing in 2014 that are discussed throughout the amended complaint," because such claims would be subject to a one-year statute of limitations. (Dkt. 56 at 5). In reply, Plaintiff does not disclaim an intent

to later seek to assert any such state law tort claims.  Further, there is no prejudice to Plaintiff from the inclusion of the statute of limitations defense.  The Court denies Plaintiff's motion to strike as to the second affirmative defenses.

### 3.   Qualified Immunity (Hunt's and Kowalski's Third Affirmative Defenses)

Hunt's and Kowalski's third affirmative defenses assert qualified immunity.  (Dkt. 42 at 4; Dkt. 45 at 2).  In denying Hunt's motion to dismiss, the Court expressly found that "further facts are required to decide the question of qualified immunity."  (Dkt. 41 at 11).  The issue of qualified immunity is not ripe for resolution at this stage of the proceedings and the Court will not strike the third affirmative defenses.

### 4.   Absolute Immunity (Hunt's and Kowalski's Fourth Affirmative Defenses)

Hunt and Kowalski have both asserted absolute immunity as a fourth affirmative defense.  (Dkt. 42 at 4; Dkt. 45 at 2).  The Court agrees with Plaintiff that these affirmative defenses are insufficiently pled, as it cannot be inferred from the face of the pleadings what the factual basis for an assertion of absolute immunity would be.  Hunt suggests in opposition to Plaintiff's motion to strike that absolute immunity could attach because "[t]o the extent plaintiff may attempt to argue in some fashion that . . . alleged perjury [by Hunt] supports his claim, absolute immunity for trial and grand jury witnesses would apply." (Dkt. 56 at 7).  However, Plaintiff clarified in reply that he is not seeking to assert a claim based on the alleged perjury.  (Dkt. 62 at 3).  Accordingly, there is no plausible factual basis for an absolute immunity affirmative defense.  The Court grants Plaintiff's motion to strike as to the fourth affirmative defenses.

- 13 -

5.   **Denial of Plaintiff's Factual Allegations (Hunt's Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Sixteenth, and Twentieth Affirmative Defenses and Kowalski's Fifth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Fourteenth, and Eighteenth Affirmative Defenses)**

Both Hunt and Kowalski have asserted a number of "affirmative defenses" that are essentially denials of Plaintiff's factual allegations.  In particular, they both assert that they did not use or witness excessive force, that Plaintiff did not sustain any injury as a result of their respective uses of force and/or that his injury was *de minimis*, that Plaintiff's own actions caused his injuries in whole or in part, that the force used was "reasonable, necessary, justified, privileged, and appropriate under the circumstances," that they acted in good faith and without malice and without deliberate indifference to Plaintiff's rights, that they did not deprive Plaintiff of any of his rights, privileges, or immunities secured by law or the Constitution, and that they did not cause Plaintiff's damages.  (Dkt. 42 at 5-6, 8; Dkt. 45 at 3-4).

While it is "questionable" whether these factual denials constitute true affirmative defenses, *see White v. Fein, Such & Crane, LLP*, No. 15-CV-438V(SR), 2018 WL 955903, at *5 (W.D.N.Y. Feb. 20, 2018), courts in this Circuit generally will not "strike even a seemingly redundant defense akin to a general denial in the absence of prejudice."  *United States v. Grimmel Indus.*, LLC, No. 1:16-CV-1103 NAM CFH, 2018 WL 3730856, at *4 (N.D.N.Y. Aug. 6, 2018) (citation omitted) (denying motion to strike affirmative defenses that the plaintiff contended were "merely denials of the plaintiff's allegations in the form of an affirmative defense").  Inclusion of these defenses, while arguably redundant, causes no prejudice to Plaintiff, inasmuch as they do not expand the scope of discovery or

- 14 -

otherwise increase the complexity of the instant litigation.  The Court accordingly denies Plaintiff's motion to strike as to these defenses.

### 6. Punitive Damages Claim (Hunt's Seventh Affirmative Defense and Kowalski's Sixth Affirmative Defense)

Kowalski and Hunt have both asserted as an affirmative defense that "Plaintiff's demand for punitive damages is barred by the Constitution of the United States and the Constitution of the State of New York[.]"  (Dkt. 42 at 5; Dkt. 45 at 3).  "[I]t is well established that there are procedural and substantive constitutional limitations on" punitive damages awards.  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003).  At this early stage of the proceedings, the Court finds these affirmative defenses sufficiently pled and denies Plaintiff's request that they be stricken.

### 7. Res judicata/collateral estoppel (Hunt's Fifteenth Affirmative Defense and Kowalski's Thirteenth Affirmative Defense)

Hunt and Kowalski both assert as an affirmative defense that some or all of Plaintiff's factual allegations are barred by res judicata and/or collateral estoppel.  (Dkt. 42 at 7; Dkt. 45 at 4).  It is undisputed that there have been other legal proceedings related to Plaintiff's factual allegations.  (*See* Dkt. 2 at ¶¶ 12, 137).  Further, "resolution of whether collateral estoppel or res judicata applies in this action is inappropriate at this juncture," where no discovery has occurred.  *Green v. Schmelzle*, 210 F. Supp. 3d 454, 465 (W.D.N.Y. 2016) (denying motion to strike affirmative defense of collateral estoppel or res judicata). The Court will not strike these affirmative defenses.

### 8. Failure to Mitigate (Hunt's Seventeenth Affirmative Defense and Kowalski's Fifteenth Affirmative Defense)

Hunt and Kowalski have each asserted an affirmative defense of failure to mitigate. (Dkt. 42 at 7; Dkt. 45 at 4) "Failure to mitigate damages is an affirmative defense and therefore must be pleaded." *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994). In this case, as Hunt points out in opposition to Plaintiff's motion to strike, Plaintiff admits in his Amended Complaint having failed to seek immediate medical attention. (Dkt. 2 at ¶ 117). Taken in context, these affirmative defenses are sufficiently pled and will not be stricken.

### 9. Culpable Conduct Defenses (Hunt's Eighteenth Affirmative Defense and Kowalski's Sixteenth Affirmative Defense)

Hunt and Kowalski both assert as an affirmative defense that "Plaintiff's alleged injuries were caused in whole or in part by his culpable conduct, including comparative negligence, willful, wanton, and/or reckless conduct, and assumption of the risk." (Dkt. 42 at 8; Dkt. 45 at 4). The Court notes that the law is somewhat unsettled as to " whether the culpable conduct defenses of contributory negligence and comparative negligence apply to Section 1983 claims" such as the one asserted here. *Jackson v. City of White Plains*, No. 05-CV-0491 (NSR), 2016 WL 234855, at *4 (S.D.N.Y. Jan. 19, 2016). However, it is well established that "close or new questions of law should *not* be resolved on a motion to strike." *Car-Freshner Corp. v. Just Funky LLC*, No. 5:19-CV-0289 GTS ATB, 2019 WL 6270991, at *2 (N.D.N.Y. Nov. 25, 2019) (citation and alterations omitted and emphasis in original). Further, considered in the context of Plaintiff's factual allegations, including that he fled from Hunt and Kowalski out of a "sense of self-

preservation" and that he did not exit his vehicle after it was stopped (*see* Dkt. 2 at ¶¶ 35, 52-53, 65-66), these affirmative defenses are sufficiently factually plausible to survive a motion to strike.

> **10.      Waiver, Estoppel, Laches, and Unclean Hands (Hunt's Nineteenth Affirmative Defense and Kowalski's Seventeenth Affirmative Defense)**

For their nineteenth and seventeenth affirmative defenses, respectively, Hunt and Kowalski assert waiver, estoppel, laches, and unclean hands.  (Dkt. 42 at 8; Dkt. 45 at 4). Hunt and Kowalski have not offered any explanation for how these equitable defenses could apply in this case, nor can the Court discern any such basis from the allegations set forth in the Amended Complaint.  Accordingly, the Court finds that these affirmative defenses have not been plausibly asserted and grants Plaintiff's request that they be stricken.  *See Car-Freshner*, 2019 WL 6270991, at *7.

> **11.      Lack of Proximate Cause (Hunt's Twenty-First Affirmative Defense and Kowalski's Nineteenth Affirmative Defense)**

Hunt and Kowalski each assert that their acts and omissions were not the proximate cause of Plaintiff's damages.   (Dkt. 42 at 8; Dkt. 45 at 5).  These affirmative defenses are essentially denials of liability and their inclusion causes no prejudice to Plaintiff.  Further, at this early stage of the proceedings, the Court cannot conclude that it is implausible that there could have been intervening events contributing to Plaintiff's damages.  In particular, as Hunt notes in his opposition, Plaintiff has included unnamed defendants in the Amended Complaint and has also asserted a lack of medical attention and commenced a separate lawsuit against the hospital personnel who treated his injuries.  (*See* Dkt. 56 at 15 (citing

Dkt. 2 at ¶¶ 12, 105, 109)).  In light of these allegations, it is plausible that the acts or omissions of individuals other than Hunt and Kowalski could have constituted a superseding or intervening cause of Plaintiff's damages.  The Court denies Plaintiff's motion to strike as to these affirmative defenses.

### 12. Failure to Join Necessary Parties (Hunt's Twenty-Second Affirmative Defense and Kowalski's Twentieth Affirmative Defense)

Hunt and Kowalski have both asserted an affirmative defense that Plaintiff has failed to join necessary and indispensable parties.  (Dkt. 42 at 9; Dkt. 45 at 5).  However, neither Hunt nor Kowalski has given "any indication of which party needed to be joined or why," thereby rendering these affirmative defenses implausible.  *GEOMC*, 918 F.3d at 99 (affirming decision striking affirmative defense of failure to join necessary parties).  The Court grants Plaintiff's motion to strike as to these affirmative defenses.

### 13. Recovery from Collateral Sources (Hunt's Twenty-Third Affirmative Defense and Kowalski's Twenty-First Affirmative Defense)

Hunt and Kowalski both assert as an affirmative defense that "all or part of plaintiff's alleged loss may have been paid, replaced, or indemnified in whole or in part from collateral sources, or with reasonable certainty, will be replaced or indemnified in the future from such collateral sources."  (Dkt. 42 at 9; Dkt. 45 at 5).  Plaintiff acknowledges in his motion to strike that he has been compensated "for medical costs associated with the February 27, 2016 event."  (Dkt. 47 at 55).  The Court finds these affirmative defenses are plausibly alleged and will not strike them.

14. **Reservation of Additional Defenses (Hunt's Twenty-Fourth Affirmative Defense and Kowalski's Twenty-Second Affirmative Defense)**

Hunt and Kowalski have both asserted an affirmative defense that is merely a reservation of their respective rights to assert additional defenses in the event new facts are discovered to support such defenses.  (Dkt. 42 at 9; Dkt. 45 at 5).   These affirmative defenses do nothing more than "reserve [the] right to seek leave to amend the answer should facts supporting additional affirmative defenses become known to [Hunt and Kowalski]."  *Wi3, Inc. v. Actiontec Elecs., Inc.*, 71 F. Supp. 3d 358, 363 (W.D.N.Y. 2014). Accordingly, the Court will not strike these affirmative defenses, but notes that this determination does not "excus[e] the otherwise applicable constraints of Rules 15 and 16 to any future attempt to amend the Answer."  *Id.*  (citation and original alterations omitted).

15. **Failure to Comply With General Municipal Law § 50 (Kowalski's Twenty-Third Affirmative Defense)**

Kowalski's twenty-third and final affirmative defense is that Plaintiff "failed to comply with [New York] General Municipal Law §50 requiring dismissal of this action." (Dkt. 45 at 5).   However, under New York law, municipal prior notification requirements are . . . a condition precedent which a plaintiff is required to plead and prove to maintain an action against the municipal defendant" and not an affirmative defense.  *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 390 (W.D.N.Y. 2012) (citation and original alterations omitted); *see also Panzella v. Cty. of Nassau*, No. 13-CV-5640 SJF SIL, 2015 WL 224967, at *3 (E.D.N.Y. Jan. 15, 2015).  Further, Plaintiff has not, at this point in time,

asserted any state law claims to which General Municipal Law § 50 would apply. Accordingly, the Court grants Plaintiff's motion to strike as to this affirmative defense.

### 16.    Prayers for Relief

Plaintiff also seeks to strike Hunt's and Kowalski's respective prayers for reliefs. The Court denies this request.  There is nothing improper or prejudicial in either Hunt's or Kowalski's prayers for relief and no basis for the Court to strike them.  *See Marshall v. New York State Pub. High Sch. Athletic Ass'n, Inc.*, 290 F. Supp. 3d 187, 205 (W.D.N.Y. 2017).

### C    Motion to Dismiss Cross-Claims

Finally, the Court considers Plaintiff's request to dismiss Hunt's and Kowalski's cross-claims.  The Court notes that while Plaintiff has denoted his motion as a motion to dismiss in addition to a motion to strike, in the body of his memoranda he indicates that he "believes at this time that he is not required, or needs to challenge" the cross-claims.  (Dkt. 47 at 62; Dkt. 50 at 60).  However, he goes on to make additional arguments regarding the adequacy of the cross-claims.  Accordingly, the Court has considered whether the cross-claims should be dismissed and concludes that they should not.  The cross-claims do not impact Plaintiff's substantive rights in any way and are appropriately pled and asserted. The Court denies Plaintiff's request to dismiss Hunt's and Kowalski's cross-claims.

### D.    Request to Replead by Hunt

In his opposition to Plaintiff's motion to strike and dismiss, Hunt has included a one sentence statement that "[i]n the event the Court determines to grant plaintiff's motion with respect to any of Deputy Hunt's affirmative defenses, leave to replead those affirmative

defenses respectfully is requested." (Dkt. 56 at 20). This request fails to comply with Local Rule of Civil Procedure 15, which governs motions for leave to amend. The Court denies without prejudice this "cursory or boilerplate request" to amend "made solely in a memorandum in opposition" to Plaintiff's motion to strike. *Popat v. Levy*, 253 F. Supp. 3d 527, 546 (W.D.N.Y. 2017) (quoting *Malin v. XL Capital, Ltd.*, 312 F. App'x 400, 402 (2d Cir. 2009)). If Hunt wishes to replead any of his stricken affirmative defenses, he must seek leave via a procedurally proper motion.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion for reconsideration of the December 27th D&O (Dkt. 46) in its entirety. The Court grants Plaintiff's motions to strike and dismiss (Dkt. 47; Dkt. 50) to the extent that the Court strikes Hunt's fourth, nineteenth, and twenty-second affirmative defenses and Kowalski's fourth, seventeenth, twentieth, and twenty-third affirmative defenses. Plaintiff's motions to strike and dismiss are denied in all other aspects. The Court further denies without prejudice Hunt's request for leave to file an amended answer.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: August 13, 2020
       Rochester, New York