SwUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER J. KOCHAN,

           Plaintiff,

vs.

TOWN OF ELLICOTTVILLE POLICE
OFFICER CORI KOWALSKI, COUNTY
OF CATTARAUGUS SHERIFF DEPUTY
WILLIAM J. HUNT.

           Defendants.

**AFFIDAVIT IN SUPPORT OF MOTION IN LIMINE**

Index No.: 19-CV-251

Gerard E. O'Connor, Esq., being duly sworn, deposes and says:

1. I am an Attorney at Law duly admitted to practice in the Court of the State of New York and the Western District of New York and I represent Town of Ellicottville Police Officer Cori Kowalski. I am associated with the Firm of Lippman O'Connor.

2. I make this affidavit in support of Town of Ellicottville Police Officer Cori Kowalski's motion in limine requesting pretrial rulings.

**SEPARATE RECORDING OF THE TRIAL**

3. During a conference with Magistrate Schroeder plaintiff audio recorded a court conference. Upon information and belief, plaintiff records all matters using various electronic devices.

4. It is respectfully requested that this Court issue an order prohibiting plaintiff from recording any aspect of these proceedings as this Court's record is the only official record of these proceedings.

## OLEAN GENERAL HOSPITAL RECORDS

5.     Plaintiff brought an action against Olean General Hospital and its various medical providers following his hospitalization on February 27, 2016, the date of his arrest. Plaintiff was taken from the scene of his arrest to Olean General Hospital after he claimed he was injured. The action was brought in New York State Supreme Court and was dismissed by Hon. Timothy Walker, J.S.C., a copy of Judge Walker's order is attached hereto and marked as Exhibit "A".

6.     Judge Walker's Order dismissed plaintiff's complaint alleging fraud and medical malpractice, among other allegations. In his Order, Judge Walker found that:

> While Plaintiff alleges a failure to diagnose and treat on the part of Defendants (and, as to Defendant Exigence, via a claim of vicarious liability), the allegation that Plaintiff presented to the OGH emergency department with a head injury merely because he had what he himself has referred to as a "remnant of blood" in his ear, simply does not withstand scrutiny. Likewise, Plaintiff's allegations pertaining to Defendants' failure or refusal to diagnose a head injury are vague and conclusory at best.

Kochan v Prumbs, 2019 N.Y. Misc. LEXIS 6823, *8-9, attached ass Exhibit "A".

7.     Judge Walker also found that plaintiff engaged in a course of conduct that was was "...clearly frivolous and brought solely to harass or injure Defendants." Kochan v Prumbs, 2019 N.Y. Misc. LEXIS 6823.

8.     Plaintiff simply cannot attack his own medical records by attempting to create a false narrative concerning a conspiracy involving hospital personnel covering up the nature and extent of his injuries. Plaintiff alleges that he sustained a head injury, but this is not supported by plaintiff's Olean General Hospital records. A copy of plaintiff's Olean General Hospital records is attached as Exhibit "A".

9. Based upon Judge Walker's Order, and upon information and belief, plaintiff is going to testify that he sustained injuries that are not medically supported. It is respectfully requested that this Court issue an Order that plaintiff's testimony must be limited to actual and not supposed injuries.

10. Plaintiff's deposition testimony, taken on August 23, 2012, contains the following testimony:

-he brought a lawsuit against Olean General Hospital following his hospitalization, p.90;

-the case was captioned Kochan v. Prumbs, p.91;

-both the court and Olean General are corrupt, p.94;

-he did not appeal the dismissal of this case, p.95;

-he accused employees of Olean General Hospital of engaging in a cover-up concerning the nature and extent of his claimed head injuries and his belief [without medical support] is that he suffered a stroke a week after his arrest, pp.95-96;

-that he believes he suffered a stroke one week after his arrest, pp. 96-97;

-he sought follow-up care approximately one week after the incident at a "Primary Care something", pp. 97-98;

-he was examined at an unknown Primary Care facility in early March 2016, pp.99, 101-102;

-his claimed eardrum puncture was also covered up by a Primary Care facility, p. 105;

-that his records from the primary care facility showed no eardrum puncture and he received no treatment, p. 106;

       -his Olean General Hospital records do not contain his complaints of headache, loss of consciousness, p.107;

       -he was convicted of all of the charges but one by a rigged jury, p.114.

All page references are to the deposition transcript of Christopher Kochan, copies of the cited pages are attached hereto and marked as Exhibit "B".

    11.    It is anticipated that plaintiff will attempt to testify that he sustained a head injury that was not diagnosed or treated because of some type of conspiracy or coverup involving Olean General Hospital, the court system, and various police agencies. It is anticipated that plaintiff will attempt to testify that his injuries are not properly reflected in his medical records as a result of corruption and conspiratorial actions engaged in by Olean General Hospital employees, and various government officials, some of whom are identified in Judge Walker's Order dismissing Kochan v. Prumbs and in plaintiff's Complaint and Amended Complaint [Docket 1 and 2 respectively].

    12.    The nature and extent of plaintiff's injuries, if any, goes to the very heart of plaintiff's sole claim, a claim that the defendants used excessive force. It is anticipated that plaintiff will attempt to bolster any injury claim he may have by arguing that his medical records do not reflect his actual injuries because of this unproven conspiracy that was dismissed by this Court [Docket 41] and by Judge Walker in Kochan v. Prumbs.

## PLAINTIFF'S CLAIM THAT DEFENDANTS USED EXCESSIVE FORCE MUST BE GOVERNED BY AN OBJECTIVE STANDARD

    13.    Plaintiff's sole claim against Ellicottville Police Officer Cori Kowalski is that Officer Kowalski used excessive force effectuating plaintiff's arrest on February 27, 2016.

During the course of discovery, plaintiff disclosed other arrests where he claimed he was subjected to excessive force by other police agencies. He also alleges that these earlier arrests were the reason for his actions on February 27, 2016 [see, Docket 2 at paragraphs 23, 34. 53, 64, 109, 157] and Kochan Deposition transcript at pp. 23-26; 29-32; 72, 79-82, 83, copies of these pages are attached as Exhibit "C".

14. That the applicable standard is not subjective, as apparently urged by plaintiff, but an objective standard taking in to account the totality of the circumstances. As a result, plaintiff cannot contend that he has a subjective fear of police as an excuse for his activities, but plaintiff must prove that the actions of Town of Ellicottville Police Officer Cori Kowalski were "objectively unreasonable" given the circumstances that Officer Kowalski faced in his arrest of plaintiff.

**WHEREFORE**, it is respectfully requested that this Court grant Town of Ellicottville Police Officer Cori Kowalski's in limine motions as outlined herein.

Dated: Buffalo, New York
October 2, 2023

LIPPMAN O'CONNOR

Gerard E. O'Connor

Sworn to the 2nd day of October, 2023

Notary Public

LINDA J. BRAYMILLER
NOTARY PUBLIC, State of New York
Qualified in Erie County
My Commission Expires 03-25-26